| | |
|---|---|
| JORGE GALEAS, JR., a/k/a Jorge Gevara, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FNU WALRATH, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration, (Doc. No. 9), of the Court's prior Order, (Doc. No. 8), denying Plaintiff's first Motion for Copies, (Doc. No. 6), and second Motion for Copies, (Doc. No. 7).

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. FED. R. CIV. P. 54(b). Rule 54 does not set out a standard for reconsideration of interlocutory orders, like the one at issue here. The Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. Pender v. Bank of America Corp., No. 3:05-CV-238-GCM, 2011 WL 62115 at *1 (W.D.N.C. Jan. 7, 2011) (Mullen, J.); see also Stephens v. Wachovia Corp., No. 3:06-CV-246-MR, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (noting that "the decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court"); Akeva, L.L.C. v. Adidas America, Inc., 385 F. Supp. 2d 559, 565

(M.D.N.C. 2005).

Plaintiff has not identified any of the narrow circumstances appropriate for granting a motion to reconsider; namely, Plaintiff has not argued that new evidence has been discovered, that there has been an intervening development or change in the law, or that there is a need to correct a clear error or prevent a manifest injustice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

Signed: February 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge