UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-163-RJC

| JORGE GALEAS, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| FNU WALRATH, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

**I.   BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina and in his complaint he alleges that he was suffering numbness in his left arm and occasional pain in his neck and elsewhere on his body over the course of a couple of years. Plaintiff complains that some of his sick calls went unanswered by medical staff in prison, that the defendant guards or medical staff sometimes obstructed his effort to place sick calls and that one or more of the defendants interfered with his ability to receive his prescribed medication. Plaintiff filed numerous grievances that were denied either because he submitted a sick call using the wrong inmate name or because the grievance examiner found that Plaintiff was in fact receiving the appropriate medical treatment including the prescribed pain medication.

In his claim for relief, Plaintiff seeks, among other things, injunctive relief, a declaratory judgment and monetary damages.

**II.   STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.   DISCUSSION

In his § 1983 complaint, Plaintiff contends that he was not receiving appropriate medical treatment either because he is not being granted a sick call each time he complained of experiencing pain or he was not receiving the right type or amount of pain medication.[1]

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76

---

[1] The Court finds that Plaintiff's allegations that the prison guards violated his civil rights by impeding his efforts to obtain medical treatment is without merit. As will be discussed herein, Plaintiff was seen dozens of times by medical personnel after he submitted sick call requests and he received pain medication.

5

(2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.").

To be sure, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (per curiam) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). See also Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing Estelle, 429 U.S. at 104-05) (a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care.").

Plaintiff attaches an exhaustive list to his complaint which details the numerous sick calls that he placed in an effort to address his pain. From December 4, 2008, until March 20, 2011, Plaintiff records that he placed approximately 135 sick calls, presumably each time to address the discomfort caused by his lingering pain.[2] Plaintiff reports that he sometimes placed as many as three sick calls in one day and throughout this time period he was evaluated by either a physician or a nurse and he was given medical treatment over 40 times. Plaintiff filed multiple grievances regarding the perceived delay in treatment and regarding the amount of pain medication he was receiving and it was explained that he was prescribed that appropriate medication. See, e.g., (Doc. No. 1-5 at 6). During one sick call, Plaintiff was evaluated by a nurse, Defendant Lilly, and she

---

[2] The Court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The Court finds that the documents attached to Plaintiff's complaint are authentic and integral to a consideration of Plaintiff's allegations.

explained that Plaintiff was experiencing pain because he had contracted Hepatitis-C and he had suffered from tuberculosis.

Plaintiff expresses dissatisfaction with the scope and course of his medical treatment. When he is not evaluated immediately for his perceived pain or when he does not receive the amount or type of pain medication that he believes he should, he finds that there has been a violation of his civil rights, and in particular, his right to appropriate medical treatment under the Eighth Amendment.[3] "[S]ociety does not expect that prisoners will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). And mere disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Plaintiff's contention that one or more of the defendants have been deliberately indifferent is simply not supported by the record. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cri. 1990), overruled in part on other grounds by, Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Plaintiff complains of lingering pain however he acknowledges that he was evaluated over 40 times by medical personnel within the prison and he admits that he received pain medication. The Court finds that at best Plaintiff has presented a lengthy complaint which merely details his frustration and disagreement with the course of treatment that was prescribed by medical personnel. Accordingly, the Court concludes that he has failed to state a claim of deliberate

---

[3] The Court would note that the relevant records tend to show that Plaintiff contributed to any perceived delay in being evaluated by continually filling out his sick call requests using the wrong name. In response to some of his many grievances regarding delay, the examiner admonished Plaintiff to use his correct inmate name, Jorge Gevara, rather than Jorge Galeas, Jr. See (Doc. No. 1-5 at 1-2, 5).

indifference to serious medical needs under the Eighth Amendment and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Robert J. Conrad, Jr.
United States District Judge